IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JESSICA CRAFT, on behalf of herself and
all others similarly situated**                                                         **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 1:25-CV-130-SA-DAS**

**LOUISVILLE HEALTHCARE, LLC**, *et al.*                               **DEFENDANTS**

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LIMITED JURISDICTIONAL DISCOVERY

Before the court is Plaintiff's motion to lift stay for limited jurisdictional discovery [Dkt. 41], which has been fully briefed and is ripe for review. Plaintiff filed a collective action complaint under the Fair Labor Standards Act against multiple defendants alleging unpaid overtime wages. While Plaintiff contractually worked for Louisville Healthcare, she also seeks to hold fourteen other entities liable for alleged violations as "joint employers."[1] Those fourteen defendants[2] moved to dismiss for lack of subject matter jurisdiction [Dkt. 11; 15]. Consistent with Local Uniform Civil Rule 16(b)(3)(B), this Court stayed the case pending resolution of the jurisdictional issue, which in turn prompted the instant motion. Plaintiff seeks discovery to establish subject matter jurisdiction, *i.e.* that she has standing to pursue these claims against the moving defendants.

When granting jurisdictional discovery, "it must occur 'on a tight judicial tether, sharply tailored to the question at hand[.]'" *Hodges v. Admin. Sys., Inc.*, 2025 WL 2966884, at *5 (N.D. Miss. Oct. 20, 2025) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004)). A plaintiff seeking jurisdictional discovery must seek only such discovery as is necessary to establish facts that, according to the applicable law, are relevant on the issue of whether there is subject matter jurisdiction over plaintiff's assertion that she has an FLSA claim against each of the named

---

[1] Two additional defendants—Trend Health & Rehab of Natchez, LLC, and Clairborne County Nursing Center, Inc.—were dismissed by order of this Court [Dkt. 36].

[2] For purposes of this order, "Defendants" shall refer to the fourteen moving defendants and shall not include Louisville Healthcare, LLC, as it did not join the active motions to dismiss on jurisdictional grounds.

defendants, excluding Louisville Healthcare, LLC. *See Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024).

While Plaintiff paints with a broad brush when describing the specific discovery sought, the Court takes judicial notice of a near-identical case that is also pending before it that has addressed this specific issue: *Hodges v. Administrative Sys., Inc.*, 4:25-cv-92-JDM-JMV. *See State of Fla. Bd. of Tr. of the Internal Imp. Tr. Fund v. Charley Toppino & Sons, Inc.*, 514 F.2d 700 (5th Cir. 1975) (holding a court can take judicial notice of proceedings and records in cases before it). As in that case, a graduated approach to the issue of jurisdictional discovery is necessary, proper, and proportional to the needs of the case. Since an alleged lack of subject matter jurisdiction is common to all defendants, excluding Louisville Healthcare, LLC, any initial discovery should be confined to addressing that issue. The court also finds that subject-matter discovery should be propounded, at least initially, to only a reasonable sampling of the defendants, including Louisville Healthcare, LLC. Plaintiff shall therefore be limited to seeking the permitted discovery from five defendants of Plaintiff's choosing, as well as Louisville Healthcare, LLC. Further discovery beyond this initial sampling will only proceed if this initial sample evinces some reasonable basis supporting Plaintiff's claims of jurisdiction. Plaintiff shall have fourteen days from the date of entry of this Order to propound the permitted discovery. Applicable Defendants shall have thirty days to respond. A telephonic status conference will be set at that juncture to determine next steps.

In accordance with the above guidelines, Plaintiff may propound the following limited discovery:

**Plaintiff's Interrogatories and Request for Production**

INTERROGATORIES

(Unless specifically indicated otherwise, the applicable time period for all Interrogatories and Requests for Production contained herein is from August 14, 2022, through the present.)

**Interrogatory No. 1: For the relevant period, did any person who is or was employed by [insert**

name of one of the 5 selected defendants] participate in the creation, alteration, replacement, or removal of any employee handbook used by Louisville Healthcare, LLC, and if so, describe his, her, or its participation.

**Interrogatory No. 2**: Did any person who is or was during the relevant period employed by [insert name of one of the 5 selected defendants] participate in the creation, alteration, replacement, or removal of any employment matter form used by Louisville Healthcare, LLC, and if so, describe his, her, or its participation.

**Interrogatory No. 3**: Did any person who is or was during the relevant period employed by [insert name of one of the 5 selected defendants] participate in the creation, alteration, replacement, or removal of any employment matter policy or procedure used by Louisville Healthcare, LLC, and if so, describe his, her, or its participation.

**Interrogatory No. 4**: Are any formulae used by [insert name of one of the 5 selected defendants] to calculate the overtime compensation due to its employees the same as those used by Louisville Healthcare, LLC (for the relevant period).

**Interrogatory No. 5**: Are any of the persons responsible for the creation of, participation in, offering of, monitoring of, and evaluation of [insert name of one of the 5 selected defendants] employee benefits, including but not limited to cafeteria plans, 401(k) plans, and vision, dental, and health insurance plans, the same as those persons who are responsible for the same at Louisville Healthcare, LLC.

**Interrogatory No. 6**: If you answered in the affirmative to Interrogatory No. 5, describe the person's role in the creation of, participation in, offering of, monitoring of, and evaluation of those employee benefits.

**Interrogatory No. 7**: Identify any and all employees, services, records, and equipment [insert name of one of the 5 selected defendants] currently shares or has shared in the relevant time period with Louisville Healthcare, LLC.

REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1**: All of [insert name of one of the 5 selected defendants]'s formation documents, operating agreements, corporate bylaws, shareholder agreements, partnership agreements, and any other related formation or operating documents to the extent they also refer to or concern the operations of Louisville Healthcare, LLC.

**Request for Production No. 2**: For the relevant period, all written consents, resolutions, and minutes from company, management, board, or ownership meetings of [insert name of one of the 5 selected defendants], to the extent they also refer to or concern the operations of Louisville Healthcare, LLC.

**Request for Production No. 3**: All current and former employee handbooks in effect for [insert name of one of the 5 selected defendants] to the extent they also refer to or concern the operations of Louisville Healthcare, LLC.

**Request for Production No. 4**: All written current or former "Employment matter" policies or procedures used by [insert name of one of the 5 selected defendants] to the extent they also refer to or concern the operations of Louisville Healthcare, LLC.

**Request for Production No. 5**: Produce a redacted sample of Plaintiff Craft's paystubs and time records, if any, from or by the [insert name of one of the 5 selected defendants] with enough information to determine (1) her workweek, if any with that defendant; (2) the total hours she worked for that defendant during the workweek; (3) the total remuneration for employment paid to her for the workweek; and (4) the total overtime compensation paid to her for the workweek.

**Request for Production No. 6**: Produce all documents concerning any employee benefit, if any, including but not limited to cafeteria plans, 401(k) plans, and vision, dental, and health insurance plans, that are the same as were offered, during the relevant time period to both [insert name of one of the 5 selected defendants] and Louisville Healthcare, LLC employees.

**Request for Production No. 7**: For the relevant period, produce all documents concerning any written policies, procedures, powers, and abilities of all persons employed by [insert name of one of the 5 selected defendants] maintain, view, edit, share, review, and access Louisville Healthcare, LLC's employee records.

**Request for Production No. 8**: For the relevant period, produce all documents describing the membership or ownership interest in [insert name of one of the 5 selected defendants] of any member who is also a member or owner of Louisville Healthcare, LLC.

**Request for Production No. 9**: For the relevant period, produce all documents concerning the procurement, negotiation, or modification of any of [insert name of one of the 5 selected defendants] loans, lines of credit, guarantees, or other borrowings that also involved Louisville Healthcare, LLC.

In addition to the five selected defendants, Louisville Healthcare, LLC, may also be served the above permitted discovery, modified as necessary by Plaintiff to seek the same information addressed in the permitted discovery as it relates to its involvement, if any, with each of the five defendants from whom Plaintiff elects to seek discovery. For example, Request for Production No. 7 may be modified as follows and served on Louisville Healthcare, LLC: "For the relevant period, produce all documents concerning any written policies, procedures, powers, and abilities of all persons employed by Louisville Healthcare, LLC to maintain, view, edit, share, and access employee records of [insert name of one of the five selected defendants]."

**SO ORDERED**, this the 10th day of February, 2026.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**