IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JESSICA CRAFT, ON BEHALF OF
HERSELF AND ALL OTHERS
SIMILARLY SITUATED                                                      PLAINTIFF

v.                                                 CIVIL ACTION NO. 1:25-CV-130-SA-DAS

LOUISVILLE HEALTHCARE, LLC ET AL                                   DEFENDANTS

ORDER REGARDING FILING OPERATING AGREEMENTS

The "Sample Defendants"[1] (herein "defendants") in this action produced limited liability company agreements ("the Operating Agreements") in discovery subject to the terms of a Protective Order entered on March 26, 2026. Two versions of the Operating Agreements were produced under the Protective Order. In the first version, the defendants redacted the provisions they deemed outside the scope of the plaintiff's particular discovery request and designated the Operating Agreements as "Confidential Information" as defined in the Protective Order.[2] The plaintiff challenged the redactions, and the defendants agreed to produce the Operating Agreements a second time in their unredacted form, again with the Confidential Information designation under the terms of the Protective Order.

Intending to rely on the Operating Agreements in support of her supplemental response to the motion to dismiss, the plaintiff asked the defendants to remove the Confidential Information

---

[1] The parties refer to Belhaven Senior Care, LLC, Carthage Senior Care, LLC, Louisville Healthcare, LLC, Trend Health and Rehab of Carthage, LLC, Trend Health and Rehab of Meridian, LLC, and Trend Consultants, LLC as the "Sample Defendants" as these are the entities to which the plaintiff was permitted to propound limited jurisdictional discovery.

[2] The Protective Order defines Confidential Information as

information or material produced or disclosed that has been determined to constitute confidential information, including, without limitation, personal information, trade secrets, proprietary or confidential research, development, financial, commercial, strategic and/or marketing plans, proprietary operation information, or other documents which are non-public information protected from disclosure by statute or regulation.

designation and allow her to file redacted versions of the Operating Agreements. The defendants refused to remove the Confidential Information designation and did not agree to the plaintiff's proposed redactions.[3] As a result of the impasse, the following motions have been filed:

1. Plaintiff's Motion to File Documents Under Seal [Doc. 76];
2. Defendants' Motion for Protective Order to Maintain Confidentiality Designation [Doc. 79];[4] and
3. Defendants' Motion to Seal Documents and, In the Alternative, for Other Relief [Doc. 92].

While the relief requested in these motions differs slightly, they concern the same documents, and this Order resolves the issues raised entirely.

In short, the defendants seek to maintain the Operating Agreements' confidentiality designations under the terms of the Protective Order, requiring the Operating Agreements be filed under seal, while the plaintiff seeks guidance from the court as to whether the Operating Agreements must be filed with restricted access or whether filing redacted versions is sufficient to protect the defendants' confidentiality interests. Additionally, the defendants claim the plaintiff's supplemental briefing on the motion to dismiss refers to information contained *in* the Operating Agreements and should therefore also be sealed or refiled with appropriate redactions.

Different legal standards govern protective orders and sealing orders. Simply because a document qualifies for a protective order under Rule 26(c) for discovery, does not mean it should be sealed once it is placed in the judicial record. *See June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512,

---

[3] While the Operating Agreements are specific to each defendant, the plaintiff's proposed redactions reveal only the agreements' general introductory provisions and membership, ownership, and management information. The redacted Operating Agreements, collective Exhibit D to the plaintiff's Supplemental Memorandum in Opposition to Trend Consultant, LLC's Motion to Dismiss [Doc. 74-4], were provided to the court for an in-camera review.

[4] Counsel for the defendants has represented to the court that the Motion for Protective Order [Doc. 79] was filed to comply with the terms of the March 26, 2026 Protective Order [Doc. 69] which places the burden on the designating party to file a motion with the court to maintain a document's designation as confidential information when that designation is challenged. Counsel for the parties represented to the court that a ruling on the plaintiff's Motion to File Under Seal [Doc. 76] will resolve the issue entirely.

521 (5th Cir. 2022) (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021)).

In *Binh Hoa Le v. Exeter Financial Corporation*, the Fifth Circuit explained:

> At the *discovery* stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information. But at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is far more arduous. This conflation error—equating the standard for keeping unfiled discovery confidential with the standard for placing filed materials under seal—is a common one and one that over-privileges secrecy and devalues transparency.

*Le*, 990 F.3d at 420. To decide whether something should be sealed, the district court must undertake "a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (cleaned up). The Fifth Circuit has instructed district courts to be "ungenerous with their discretion to seal judicial records," *id.* at 418, and has emphasized the strong presumption against sealing judicial records. *June Med.*, 22 F.4th at 519-22; *Le*, 990 F.3d at 421.

The defendants offer many reasons why the Operating Agreements should be filed under seal including that the agreements "contain information regarding members' ownership, capital contributions, profit and loss allocations, distribution rights, compensation rights, as well as each entity's accounting procedures, dissolution processes, indemnification and liability provisions, and dispute resolution procedures." They argue portions of the agreements concern "matters outside the scope of the Court's permitted discovery and are of little to no probative value to the Court's determination of its subject matter jurisdiction." They claim public disclosure of the agreements will subject them to "competitive and financial harm" because the agreements reveal how each entity "allocates financial risk, compensates members, structures management authority, and resolves internal disputes."

While the defendants' reasons for sealing the Operating Agreements are many, they are

largely unsubstantiated and wholly lack the specificity needed to warrant nondisclosure of presumptively public judicial records. Having reviewed the plaintiff's proposed redacted versions of the Operating Agreements, the court finds no trade secrets, pricing, operational processes, or other such competitive business information that might warrant protection. The non-redacted information is strictly limited to the defendants' membership and management structures and without specific and compelling reasons as to why this information should not be public, the court finds no basis to seal the Operating Agreements in their entirety. Furthermore, a substantial portion of this information has been on the docket, and therefore a matter of public record, in this case since October 2025 and additionally is included in public Medicare filings. Despite the defendants' arguments, it is of no relevance that the Medicare filings are "not relatively publicly available" or "require[] specific knowledge both to locate and interpret." The defendants' proffered privacy concerns are insufficient to overcome the strong presumption against sealing judicial records.

Finding that the unredacted portions of the Operating Agreements do not warrant sealing, it follows that there is no basis for sealing or redacting the plaintiff's supplemental briefing in support of the defendants' motion to dismiss. Again, the information at issue – the members, manager, officers, and ownership percentages – is publicly available, including in filings on the court's docket for over six months. There is no basis to restrict – whether through sealing or redaction – any portion of the plaintiff's supplemental briefing.

The plaintiff may file the redacted versions of the Operating Agreements as Exhibit D in support of her supplemental briefing on the motion to dismiss.

SO ORDERED, this the 5th day of June, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE